MARY WILLSON, Appellant, v. JOHN TRUEBODY et al., Respondents.

No. 205; September 5, 1864.

**Appeal—Objection for First Time on Appeal.**—The Admission in Evidence of a record which the plaintiff relied on to meet averments in the answer and ought, therefore, to have pleaded by way of replication, which he had failed to do, cannot be objected to for the first time on appeal.

APPEAL from Twelfth Judicial District, San Francisco County.

Allen T. Willson for appellant; Sloan, Morrell, Clement & White for respondents.

SHAFTER, J.—Ejectment for a lot of land on the corner of Washington street and Dunbar's alley in the city of San Francisco. There is but one point raised by the record which we deem it necessary to consider.

On the 15th of May, 1851, the respondent Truebody filed a bill in the superior court of the city of San Francisco against Allen T. Willson, F. M. Jacobson, Jeremiah Clark, Harvey Sparks and one Guzman, touching the title of the land now in controversy; the defendants Clark, Willson and Sparks answered the bill. The case was tried on the seventeenth day of September, 1851, and thereafter, on the 19th of December, 1851, a decree was entered in favor of the defendants, from which Truebody appealed. The late supreme court at the July term, 1852, reversed the judgment and "ordered adjudged and decreed that the entire legal and equitable title to the lot of ground and premises described in said complaint, was the property of Truebody," and further "ordered adjudged and decreed that the possession of the said lot of land be delivered up to said complainant, and that a writ of possession be awarded, and the same is hereby ordered to be issued, in favor of the plaintiff by the court below, directed to the sheriff of the county of San Francisco, commanding him to place the plaintiff in the possession of the entire lot of land as above described in this decree." This judgment

was duly certified to the superior court, and on the 9th of September, 1852, a writ of restitution issued, and on the next day Willson surrendered the possession of the premises to Truebody.   The plaintiff in this action claims  title to the premises by a deed executed to her by A. T. Willson bearing date October 29, 1851, and the foregoing decree is pleaded in bar.

For the purpose of meeting this defense, the plaintiff proved, as the case finds, that on the nineteenth day of July, 1851, A. T. Willson brought an action against Truebody alleging that he, Willson, was the owner of the land in controversy, and was in possession thereof by his tenant—that the defendant falsely claimed an estate therein adverse to the plaintiff, and prayed for judgment quieting his title.   The defendant Truebody appeared, and thereafter such proceedings were had that on the 11th of February, 1852, it was "ordered, adjudged and decreed that the said John  Truebody has no estate nor interest in, nor lien nor encumbrance on the lot of land described in the complaint."   No appeal was taken from this judgment, and it is now in full force.

It is not denied by the counsel of the respondent that this judgment, in itself considered, completely defeats the legal effect of the judgment pleaded in bar; the only point made is that the plaintiff is not entitled to the benefit of the judgment for the reason that it was not brought forward by way of replication to the plea.

It is a sufficient answer to this objection, that no  question was made upon the admissibility of the record at the trial: Jackson v. Feather River and Gibsonville W. Co., 14 Cal. 21; Seaward v. Malotte, 15 Cal. 307; Rabe v. Wells, 3 Cal. 151; White v. Abernethy, 3 Cal. 426.

Judgment reversed and new trial ordered.

We concur: Rhodes, J.; Sawyer, J.; Currey, J.; Sanderson, C. J.